Ritter v. Hamilton.

---

RITTER v. HAMILTON.

Where all the obligees in an instrument contract in the same capacity, they are all principals, although the whole consideration inure to the benefit of one, and the others join merely for his accommodation. (Note 66.)

The privilege of a surety not to be sued, unless the principal has been previously or be simultaneously sued, must be taken advantage of in abatement; it is not available in bar. (Note 67.)

The case of Smith, Adm'r, v. Doak (3 Tex. R., 215) distinguished from this case and approved.

Where a demurrer to a plea in abatement is sustained, the defendant is allowed to plead over.

Error from Red River. This suit was instituted by the plaintiff against the defendant on a writing of which the following is a copy:

"On or before the first day of March, 1847, we or either of us promise to pay Young Ritter or order one hundred dollars [326] for value received; as witness our hands and seals this 3d day of November, 1846.

"WILLIAM W. VINING.      [SEAL.]
"J. J. WARD.      [SEAL.]
"R. S. HAMILTON."      [SEAL.]

The defendant answered, in abatement of the suit, that William W. Vining was the principal in the note and received the consideration for the same, and that Ward and defendant were only sureties for the payment, which was well known to the plaintiff; and that therefore the plaintiff had no right to sue him without having previously sued said Vining, or without suing him contemporaneously with the defendant.

To this plea the plaintiff demurred. The court gave judgment for the defendant on the demurrer and abated the suit.

*Morrill,* for plaintiff in error. No reason was alleged why the principal was not first or simultaneously sued. (Acts of 1846, p. 365, sec. 4.)

The case of Smith v. Doak (3 Tex. R., 215,) establishes the principle that defendant can plead as he did in this case, and demurrer admits it.

*Young & Morgan,* for the defendant in error. Hamilton contracted as a principal. He cannot be permitted to contradict the written acknowledgment of the capacity in which he bound himself. (2 Stark. Ev., 548, 550, 552; 2 Story Eq., 746; Chit. on Bills, 73, 142; Chit. on Con., 99, 102.)

LIPSCOMB, J. The plaintiff assigns for error the judgment on the demurrer. There is no question that by the rules of the common law each of the makers of a bill single, like the one sued on, stood, both collectively and singly, as maker. It was the bill of each of them, and on which the payee could

163

maintain an action against them jointly or against any one of them. They are in law all principals. It is supposed, however, that the common law has been changed by the 4th section of the act to regulate proceedings in the District Courts. The section is in the following words : "That no person shall be sued as indorser or guarantor or as security unless suit shall have been or is simultaneously commenced against the principal," &c. (Acts of 1846, p. 365.) The fair interpretation of this section seems to confine its operation to a suit brought against the defendant in his character as indorser, guarantor, or as security, where his engagement had defined his position to be such, and could not be extended to a case where he had made himself principal by a joint and several obligation. The defendant had chosen to act to define his position in the contract; and it is such as to release the plaintiff from the obligation of suing him in any other character than such as he himself had assumed. Had the obligation been "We, William Vining, as principal, and J. J. Ward and Robert S. Hamilton, as securities," the position of principal and securities would have been defined, and suit, if brought against either Ward or Hamilton, would have been against them as securities; because as they had bound themselves, so would they have to be sued.

Whenever the proceedings show that the defendant has been sued as indorser, guarantor, or security, the case would come within the provisions of the act cited. The provisions of the act that was supposed in the court below to govern this case does not offer a defense in bar, but merely in abatement; and it was in this view only that it was set up. Had the defendant any matter that would have barred all recovery against him, there can be no doubt he could have made it available; and this is the doctrine of Smith, Administrator, v. Doak, decided by the court at the last term. That case was wholly unlike the present in every essential feature. The special verdict found that the note was given by the payee, to the defendant, on the express condition that it was not to be the note [**328**] of the defendant until the payee had obtained another signature of an individual named to be signed to the note above the signature of the defendant, and that this signature was not obtained. Here was a trust reposed and violated, from which an equity arose in favor of the defendant; and no doubt could ever have been entertained but a court of equity, if not a court of law, was competent to afford relief; whether upon the principles that governed the one or the other was a matter in our own system wholly immaterial. The note had been received by the payee, coupled with a trust; and until the discharge of that trust, it was not the note of the defendant. The judgment of the court below ought to have been for the plaintiff on the demurrer; and if the defendant had refused to answer over, it ought to have been final in favor of the plaintiff. It must therefore be reversed and remanded.

Judgment reversed.

HEMPHILL, CH. J. I dissent, and believe that when a party is surety to a note, he must be sued as a surety, whether it appear on the face of the note that he be surety or not.

NOTE 66.—Lewis v. Riggs, 9 T., 164; Ennis et al. v. Crump, 6 T., 85.
NOTE 67.—Yale v. Ward, 30 T., 17; Campbell v. Beckwith, 17 T., 439.